**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN HUBER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR**, a New Jersey company,<br><br>*Defendant.* | Case No.<br><br>**COMPLAINT--CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1. Plaintiff John Huber ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The Plaintiff brings this Class Action Complaint and Demand for Jury Trial against Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Momentum Solar" or "Defendant") to stop Momentum Solar from violating the TCPA by making unsolicited calls to consumers without their consent registered on the National Do Not Call registry.

3. As telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff John Huber is a Pennsylvania resident and a resident of this District who received Defendant's calls into this District.

6. Defendant Pro Custom Solar LLC d/b/a Momentum Solar is a limited liability company organized under the laws of the State of New Jersey. Pro Custom Solar LLC is also registered to do business in the state of Pennsylvania and a registered agent of Cogency Global, Inc., which is located at 600 North 2nd Street Harrisburg, PA 17101.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227 ("TCPA").

8. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is registered to do business in Pennsylvania and because the wrongful conduct giving rise to this case was directed from/and or into this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop

proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

12. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Momentum Solar sells and installs solar panels.

17. Momentum Solar uses telemarketing to promote its products.

18. Recipients of these calls, including Plaintiff, did not consent to receive them.

<u>Calls to Plaintiff</u>

19. Plaintiff Huber is a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff Huber's telephone, (570) 848-XXXX, is a residential telephone line.

21. Plaintiff Huber's telephone, (570) 848-XXXX, was registered on the National Do Not Call Registry for more than 30 days prior to the first call.

22. Plaintiff Huber's telephone, (570) 848-XXXX, is not associated with a business and is for personal use.

23. The Plaintiff received a series of telemarketing calls from the Defendant, including on the following dates and times:

    a. June 3, 2019 at 3:27 pm from (215) 325-1864;

    b. June 5, 2019 at 10:45 am from (215) 366-0832;

    c. June 10, 2019 at 11:17 am from (201) 992-1445; and

    d. June 10, 2019 at 6:10 pm from (215) 366-2021.

24. The Caller ID on these calls show "Moment," for Momentum Solar.

25. During the call on June 5, Plaintiff told Defendant to stop calling.

26. A return call to this number resulted in the call recipient identifying the company as "Momentum Solar."

27. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and other class members.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and L.R. 23.2 on behalf of himself and all others similarly situated and seeks certification of the following National Do Not Call Class:

> All persons in the United States who, from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) made (2) two or more calls within any twelve-month period (3) to a residential phone number that was listed on the National Do Not Call Registry for at least 30 days before the first call (4) for the same purpose of Defendant's calls to Plaintiff and (5) for whom

>Defendant claims to have obtained consent in the same way Defendant claims to have obtained consent from Plaintiff or does not claim to have obtained consent.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; and (4) persons who properly execute and file a timely request for exclusion from the Class,

29. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

>(a) whether Defendant called members of the National Do Not Call Class;
>
>(b) whether Defendant's calls were telemarketing;
>
>(c) whether Defendant had prior express consent to make the calls;
>
>(d) whether Defendant's conduct constitutes a violation of the TCPA; and
>
>(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Class)**

33. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint and incorporates them by reference.

34. Defendant placed two or more telemarketing calls to Plaintiff and the Do Not Call Class Members' telephone numbers.

35. Accordingly, Plaintiff and Do Not Call Class Members are entitled to an award of $500 in statutory damages for each violative telephone call pursuant to 47 U.S.C. § 227(c)(5).

36. Plaintiff and Do Not Call Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An award to Plaintiff and the Class of damages, as allowed by law;

E. Leave to amend this Complaint to conform to the evidence presented at trial; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

                        Respectfully Submitted,

                        /s/ Stefan Coleman

                        Stefan Coleman*
                        law@stefancoleman.com
                        LAW OFFICES OF STEFAN COLEMAN, P.A.
                        201 S. Biscayne Blvd, 28th Floor
                        Miami, FL 33131
                        Telephone: (877) 333-9427
                        Facsimile: (888) 498-8946

                        Anthony Paronich*
                        PARONICH LAW, P.C.
                        350 Lincoln St., Suite 2400
                        Hingham, MA 02043
                        anthony@paronichlaw.com
                        Telephone: (617) 485-0018

                        *Attorneys for Plaintiff and the putative Classes*

                        **Pro Hac Vice motion forthcoming*