IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HUBER, | : |
| | : |
| Plaintiff, | : |
| v. | : 3:19-CV-01090 |
| | : (JUDGE MARIANI) |
| PRO CUSTOM SOLAR, LLC, d/b/a/ | : |
| MOMENTUM SOLAR | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On June 25, 2019, Plaintiff John Huber filed a putative Class Action Complaint ("Complaint") against Defendant Pro Custom Solar, doing business as Momentum Solar, ("Pro Custom Solar") for alleged violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Doc. 1). Plaintiff seeks monetary damages on behalf of himself and a putative class. (*Id.* at 6).

On August 1, 2019, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is now before the Court. (Doc. 12). The issues have been fully briefed and Defendant's Motion is ripe for disposition. For the reasons set forth below, the Court will deny Defendant's Motion to Dismiss.

### II. FACTUAL ALLEGATIONS

Plaintiff's Complaint (Doc. 1) alleges the following facts which, for the purposes of resolving Defendant's Motion to Dismiss, the Court takes as true:

Plaintiff John Huber is a resident of Pennsylvania. (Doc. 1, at ¶ 5). Defendant Pro Custom Solar is a limited liability company organized under the laws of New Jersey and is registered to do business in Pennsylvania. (*Id.* at ¶ 6). Defendant is also a registered agent of Cogency Global, Inc. (*Id.*).

Defendant "uses telemarketing to promote its products" – solar panels. (*Id.* at ¶ 16–17). Plaintiff did not consent to receive calls from Defendant. (*Id.* at ¶ 18). Plaintiff's telephone is a "residential telephone line," which "was registered on the National Do Not Call Registry for more than 30 days prior to the first call." (*Id.* at ¶ 20–21). Plaintiff's telephone "is not associated with a business and is for personal use." (*Id.* at 22).

Plaintiff received four "telemarketing calls from the Defendant." (*Id.* at 23). The calls were received from four telephone numbers on four dates: June 3, 2019 at 3:27 p.m., June 5, 2019 at 10:45 a.m., June 10, 2019 at 11:17 a.m., and June 10, 2019 at 6:10 p.m. (*Id.*). The Plaintiff told Defendant to stop calling during the June 5, 2019 phone call. (*Id.* at ¶ 25).

"The Caller ID on these calls show 'Moment,' for Momentum Solar." (*Id.* at ¶ 24). When Plaintiff returned a call to one of the telephone numbers, the result was "the call recipient identifying the company as 'Momentum Solar.'" (*Id.* at ¶ 26).

Plaintiff and other putative class members were harmed by these calls as they were "temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls," "their privacy was improperly invaded," and the calls were

"frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and other class members." (*Id.* at ¶ 27).

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14

3

(3d Cir. 2013) (internal citation, alteration, and quotation marks omitted).  Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'"  *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption."  *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'"  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678).  "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* at 786-787 (quoting *Iqbal*, 556 U.S. 679).

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

IV. ANALYSIS

Defendant Pro Custom Solar argues that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Doc. 18). Defendant argues Plaintiff's claim must be dismissed for three reasons: (1) Plaintiff failed to plead sufficient facts showing the calls were telephone solicitation, (2) Plaintiff failed to plead sufficient facts showing the Defendant or its agent initiated the calls, and (3) Plaintiff failed to plead sufficient facts showing his telephone is a residential telephone line. (*Id.* at 1–2).

The TCPA was enacted to protect consumers from intrusive telemarketing calls. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012). The TCPA states, "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages. 47 U.S.C. § 227(c)(5). The relevant regulation states:

> (c) No person or entity shall initiate any telephone solicitation to:
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

## A. Telephone Solicitation

Defendant first argues Plaintiff did not sufficiently plead that the four calls were "telephone solicitations" because "Plaintiff does not discuss what services or goods were offered via these calls, under what terms, and at what price." (Doc. 18, at 5). Under the TCPA, "telephone solicitation" is defined as: "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

Defendant cites a number of cases, but they do not support its position. Defendant's citation to *Joseph v. ARS National Services., Inc.*, is inapposite as the issue in that case was not whether plaintiff failed to plead details regarding the substance of the telephone calls. No. 1:13-CV-04123-JEC-RGV, 2014 WL 12774686, at *6 (N.D. Ga. Feb. 21, 2014), *report and recommendation adopted,* No. 1:13-CV-4123-JEC-RGV, 2014 WL 12860039 (N.D. Ga. Mar. 14, 2014). Instead, the plaintiff alleged the telephone calls were related to debt collection, which is explicitly excluded from the definition of telephone solicitation, necessitating dismissal. *Id.; see also* 47 U.S.C. § 227(a)(4). *Norman v. Northern Illinois Gas Company* is similarly unpersuasive as the plaintiff in that case pleaded facts showing that the caller was not attempting to solicit business, but was looking to contact a different person while erroneously using the plaintiff's telephone number. No. 13-CV-3465, 2014 WL 184774, at *2 (N.D. Ill. Jan. 16, 2014). *Gulden v. Consolidated World Travel Incorporated* is inapplicable because the plaintiff in that case did not provide any facts

regarding the call, including the identity of the caller or the product being advertised. No. CV-16-01113-PHX-DJH, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017). Finally, *Shupe v. Capital One Bank* was at the summary judgment stage, where the inquiry required by Federal Rule of Civil Procedure 56 is whether there is any dispute of material fact requiring trial, not whether, as here at the pleading stage, plaintiff has plausibly alleged facts showing an entitlement to relief. No. CV-16-00571-TUC-JGZ, 2018 WL 5298396, at *5 (D. Ariz. Oct. 25, 2018).

Unlike the aforementioned cases, Plaintiff's complaint alleges, "Momentum Solar sells and installs solar panels" and "uses telemarking to promote its products." (Doc. 1, at ¶¶ 16–17). Plaintiff alleges that he "did not consent to receive" these calls. (*Id.* at ¶ 18). Plaintiff has thus sufficiently alleged, though barely so, that calls he alleges he received were from Momentum Solar and that the calls were for the purpose described in Section 227(a)(4) of the TCPA. (*See* Doc. 1, at ¶¶ 24–26, 34). There are no facts alleged that the Defendant was attempting to collect a debt as in *Joseph* or erroneously calling Plaintiff as in *Norman*. Drawing all reasonable inferences from the facts alleged, it is plausible that the Defendant contacted Plaintiff for the purpose of soliciting business by telephone.

Contrary to Defendant's suggestion, there is no precedent requiring Plaintiff to describe all of the details of the phone calls he received. In fact, "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every telephone call." *Robinson v. Midland Funding, LLC*, No. 10-CV-2261-MMA-AJB, 2011

7

Case 3:19-cv-01090-RDM   Document 35   Filed 05/18/20   Page 8 of 11

WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011). *Cf. Leon v. Target Corp.,* No. 3:CV-15-01, 2015 WL 1275918, at *3 (M.D. Pa. Mar. 19, 2015)(dismissing complaint that was "bereft of even generalized factual allegations to put Target on notice of its purportedly unlawful conduct, *i.e.*, the timing and/or the approximate number of offending calls"). Plaintiff's complaint provides details regarding the Plaintiff's phone number (Doc. 1, at ¶ 20), the quantity of calls received (*Id.* at ¶ 23), the date and time of each of those calls (*Id.* at ¶ 23), and the identification of the caller (*Id.* at ¶¶ 24, 26). Plaintiff has pleaded sufficient facts showing the call was a telephone solicitation as defined by the TCPA.

B. Initiation of the Telephone Call

Defendant next argues, "Plaintiff does not plead facts showing that Defendant initiated the subject calls. He also does not plead facts showing that the caller was acting as Defendant's agent." (Doc. 18, at 5). Defendant argues the TCPA "requires proving that the defendant physically placed the call." (*Id.* at 6). Defendant maintains that the Caller ID reading "Moment" is insufficient to prove it initiated the call, "That could be any company whose name begins with 'Moment.'" (*Id.*). Defendant further argues the Plaintiff's return call to one of the telephone numbers does not prove Defendant initiated the call. (*Id.* at 6).

The Court cannot accept the Defendant's arguments at the pleading stage under the *Iqbal-Twombly* plausibility standard for determining the sufficiency of Plaintiff's complaint. There may be other companies whose name would appear on a Caller ID as "Moment." However, the name on the Caller ID in conjunction with the fact that the recipient of the

8

return call identified the company as "Momentum Solar" is sufficient to plausibly identify the Defendant as the company that initiated the call.

As to the question of agency, Defendant contends, "Plaintiff fails to plead facts sufficient to raise, beyond a speculative level, that Defendant is vicariously liable for the alleged calls." (Doc. 18, at 11). Plaintiff admits in his opposition brief that he did not identify an agent: "[t]he Plaintiff has plainly alleged that the first and only actual company identified on these calls was Momentum and that they made the calls." (Doc. 21, at 4). Plaintiff alleged that the Defendant was the caller and is directly liable for the calls. (Doc. 1, at ¶¶ 23-24, 34). Plaintiff does not allege that there was any form of agency relationship with any other party. (*See generally* Doc. 1). Because Plaintiff's complaint alleges the Defendant is only directly liable and never alleges Defendant is vicariously liable, the Court does not need to consider arguments presented on this question in Defendant's brief. A review of the Plaintiff's complaint does not show expressly, or by reasonable implication, that Plaintiff has alleged a principal-agent relationship between the Defendant and Momentum Solar. Instead, Plaintiff alleges Momentum Solar is the operating name of the same company. (Doc. 1, at ¶ 2 ("Defendant Pro Custom Solar, LLC d/b/a [doing business as] Momentum Solar")).

## C. Residential Telephone Line

Lastly, Defendant argues that Plaintiff does not plead sufficient facts to demonstrate his telephone is a residential telephone line. Relying on *Shelton v. Target Advance LLC,*

9

Defendant contends that if the phone is used for business it cannot be registered on the National Do-Not-Call Registry. (Doc. 18, at 11–12 (citing No. CV 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019)). In *Shelton*, the plaintiff admitted to using his telephone line for personal and business purposes. 2019 WL 1641353, at *1. That is not the case here. Plaintiff's complaint submits, "Plaintiff Huber's telephone…is a residential telephone line," and "is not associated with a business and is for personal use." (Doc. 1, at 20, 22). These straightforward, unequivocal, declarative statements present allegations of fact which must be taken as true at the pleading stage. *See Schuchardt*, 639 F.3d at 347.

Taking all allegations as true, Plaintiff has met his burden to show that his telephone line is a residential telephone line for personal use for the purposes of the Motion to Dismiss.

Defendant further argues that claimants are "barred from bringing an NDNCR claim" if the "telephone number is associated with a cellular telephone, as opposed to a landline." (Doc. 18, at 12). Defendant argues Plaintiff did not "explain whether his telephone number is associated with a cellular telephone or a landline." (*Id.*). Defendant relies only on *dicta* in support of its argument and cites no other authority. (*Id.* (citing *Shelton v. Fast Advance Funding LLC*, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019)). While the Defendant is correct that the Plaintiff did not allege whether his telephone is a cellular or landline, that fact is immaterial. First, cellular telephones are permitted to be registered on the National Do Not Call Registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,

18 F.C.C. Rcd. 14014, 14039 (2003). Second, the case cited by the Defendants was recently reviewed by the Third Circuit, which held "Shelton had standing to bring suit under the TCPA" despite the fact that his claim was based on calls received on his cellular telephone. *Shelton v. Fast Advance Funding, LLC*, No. 19-2265, 2020 WL 1027802, at *3 (3d Cir. Mar. 3, 2020). Therefore, Plaintiff has adequately alleged that he received calls on a residential telephone line.

Plaintiff's complaint has alleged facts sufficient to establish that he received telephone calls whose purpose was telephone solicitation, the calls were initiated by the Defendant, and the calls were received on his residential telephone line.

## V. CONCLUSION

Therefore, for the reasons set forth in this Memorandum Opinion, the Court will deny Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 12). A separate Order follows.

                                                           _s/ *Robert D. Mariani*_
                                                           Robert D. Mariani
                                                           United States District Court Judge