IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HUBER, | : |
| Plaintiff, | : |
| v. | : 3:19-CV-01090 |
| | : (JUDGE MARIANI) |
| PRO CUSTOM SOLAR LLC, d/b/a MOMENTUM SOLAR | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PRELIMINARY HISTORY

On June 25, 2019, Plaintiff John Huber filed a Complaint against Defendant Pro Custom Solar, d/b/a Momentum Solar for alleged violations of the Telephone Consumer Protection Act. (*See* Doc. 1). Discovery disputes between the parties have necessitated several instances of judicial intervention and have significantly hindered the progression of this case.

In a November 22, 2019 joint letter (Doc. 33), the parties notified the Court of multiple discovery disputes that had arisen in this matter. Plaintiff sought to compel Defendant to provide responses to his Requests for Production Numbers 16 and 17. On September 30, 2020, the Court held a discovery conference call to address the dispute. After hearing arguments from both sides, the Court ordered Defendant to respond to Plaintiff's Requests for Production Numbers 16 and 17, with the stipulation that a privilege

log be submitted for any documents subjected to a privilege. Defendant agreed to produce all documents consistent with the Court's Order by November 6, 2020.

On November 22, 2020, the parties filed a joint letter (Doc. 47) advising the Court of Defendant's failure to provide certain discovery following the Court's September 30, 2020 Order. In this letter, Plaintiff requested that the Court enter "an award of attorney[']s fees pursuant to Fed. Civ. P. 37(a)(5) for the Defendant's failure to provide information in the timeline it agreed to and necessitating this motion." (Doc. 47 at 3). On December 7, 2020, the Court held a second telephone conference call to address these issues and subsequently ordered Defendant to produce, no later than December 31, 2020, the requested call detail records.

On January 6, 2021 the Court received a joint letter (Doc. 52) from the parties advising the Court of Defendant's failure to produce certain call detail records requested by Plaintiff by the agreed-upon December 31, 2020 deadline. In this letter, Plaintiff restated his desire for the Court to sanction Defendant for its failure to comply, requesting that the Court order "an award of attorneys feed pursuant to Fed. R. Civ. P. 37(a)(5) for the Defendant's failure to provide information in the timeline it agreed to and then fail to comply with this Court's Order." (Doc. 52 at 2). Thus, on January 8, 2021, this Court ordered Defendant to produce the required call detail records as an excel file, in either the ".csv" or ".txt" document format, within 14 days of the date of the Order. (Doc. 53 at 2). The Order further stated that

"[i]f Defendant fails to provide Plaintiff with the requested documents by the deadline imposed by this Order, the Court will impose sanctions." (*Id.*).

On February 16, 2021, the parties filed another joint letter (Doc. 55) advising the Court of Defendant's failure to produce the requested call detail records by the January 22, 2021 deadline. In this letter, Plaintiff renewed its request for the Court to sanction Defendant. Due to the parties' disagreement regarding Defendant's compliance with this Court's January 8, 2021 Order, the Court ordered that an in-person hearing would be held on Tuesday, May 25, 2021 to address the dispute.

On May 19, 2021 the parties filed a joint letter (Doc. 58) informing the Court that they reached an agreement that mooted the need for the May 25, 2021 conference. In the letter, Plaintiff agreed to waive his request for attorney's fees incurred to date, pending Defendant's production of the requested call records, and to waive pursuit of fees that would have been incurred in connection with the conference. (Doc. 58 at 1). Defendant agreed to instruct its vendor to collect the data that is the subject of this discovery dispute and further agreed to use its best efforts to ensure the vendor collected and produced the data by June 4, 2021 and to bear the full cost of doing so. (*Id.*). As such, in its May 20, 2021 Order (Doc. 59), the Court canceled the May 25, 2021 conference, denied Plaintiff's request for attorney's fees incurred to date in connection with this discovery dispute without prejudice, ordered Defendant to collect the call records requested by Plaintiff from its vendor, bear the

full cost of such collection, and ordered Defendant to collect and produce all requested records no later than June 4, 2021. (Doc. 59 at 2-3).

On July 7, 2021, the Court received a joint letter (Doc. 62) by the parties notifying the Court of their renewed discovery dispute regarding whether Defendant has complied with previous Orders of the Court. In the letter, Plaintiff contended that Defendant failed to produce the complete four years of call records as contemplated by the Court's previous Orders and instead, Defendant only produced one week of call records. (Doc. 62 at 2). Plaintiff argued that Defendant's "misleading and dilatory sanctions should be put to an end, and they should be sanctioned for their repeated failure to comply with the Court's Orders." (*Id.* at 3).[1] Defendant explained that it continued to use its best efforts to collect call records and "has kept Plaintiff informed regarding the present, discrete document collection." (*Id.*)

The parties then filed another joint letter on July 27, 2021 (Doc. 63) informing the Court that Defendant supplemented its production to Plaintiff on July 19, 2021. (Doc. 63 at 1). Defendant contended that its supplemental production mooted the discovery issues identified in the July 7, 2021 letter and, accordingly, the July 7, 2021 letter should be deemed withdrawn. (*Id.*). Plaintiff, however, argued that a dispute remained as to whether Defendant's July 19, 2021 supplemental production satisfied the issues raised in the July 7,

---

[1] Specifically, Plaintiff requested that this Court "award attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5) and this Court's prior Order, of $7,500 for the Defendant's failure to provide information in the timeline it agreed to and its multiple failures to comply with this Court's Orders" and "impose a monetary sanction, pursuant to Fed. R. Civ. P. 37(a)(5) and this Court's prior Order, of $100 for each day Defendant fails to produce the data per the Court's January 8, 2021 Order." (Doc. 62 at 4).

4

2021 letter. (*Id.*). Plaintiff asserted that Defendant's production of records to date does not satisfy Plaintiff's original discovery request of four years of call records because Defendant had only provided approximately one week of call records thus far. (*Id.* at 2). Plaintiff also argued that the records Defendant had produced should be supplemented to ensure that "the parties have identified all vendors that could be involved in the calling conduct relating to the outstanding discovery dispute." (*Id.*). Finally, Plaintiff contended that there is still an outstanding issue regarding whether sanctions should be imposed for Defendant's repeated non-compliance with the Court's Orders. (Doc. 63 at 2).

To address the disputes that the parties identified in the July 7, 2021 and July 27, 2021 letters, the Court held a discovery conference call on September 1, 2021. During the call, the Court discerned from the arguments of counsel that the true issue as to which Plaintiff asserted Defendant's noncompliance is the production of call records that have been sought for the applicable four-year statute of limitations period. In connection with this issue, the Court found that the production of the requested four years of call records is (a) relevant to Plaintiff's claims and not privileged and (b) proportional to the needs of the case. (Doc. 70 at 4). Additionally, the Court found nothing in counsel's statements that would indicate that the records sought by Plaintiff should not or could not be produced.

At the close of the September 1, 2021 discovery conference, the Court ordered the parties to meet and confer to determine the date by which production of the four years of call records could be completed by and, if they could not reach an agreement, the Court

would set the date for production. (Doc. 70 at 6). The Court also ordered that the issue of sanctions be held in abeyance until the parties submit an update to the Court regarding any agreement reached by the parties. (*Id.*)

The parties submitted a joint status report (Doc. 72) to the Court on September 13, 2021. The letter indicates that the parties did not reach an agreed-upon date for Defendant to complete the production of the requested four years of call records. Instead, Defendant says its vendors, which it does not identify, have not provided timelines for when it can expect the collection of the records to be completed. (Doc. 72 at 1). Defendant's other vendor said, without explanation, that "it could not collect all data with[in] the scope of Your Honor's order." (*Id.*).

Plaintiff indicates that, as a compromise, he "conferred with counsel for the Defendant and offered a timeline of fourteen days from the time of the Court's Order for this production other than the seven he had requested in the joint letter," which Defendant presumably declined. (*Id.* at 2). Plaintiff noted that he "still desires to seek the sanctions he indicated to this Court during the last discovery conference." (*Id.* at 2).

## II. ANALYSIS

Generally, courts afford wide latitude in discovery to ensure that litigation proceeds with the "fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). Rule 26 governs the scope and limitations of discovery, and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000) ("[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible."). Furthermore, the court may limit discovery where the requested discovery is "(i) … unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(c).

The Court has already determined that the discovery requested by Plaintiff is permissible under Rule 26 because the "four years of call records are (a) relevant to Plaintiff's claims and not privileged and (b) proportional to the needs of the case" and is not otherwise limited by Rule 26(b)(2). (Doc. 70 at 4). Therefore, Defendant has an obligation to produce the requested call records in accordance with Rule 26 and the Court's Orders.

Rule 37 provides that "[i]f a party or a party's officer, director, or managing agent … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35,

or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Pursuant to the Court's inherent powers and Rule 37, the Court has the authority to impose sanctions. *Marsulex Environ. Techs. v. Selip S.P.A.*, 2019 WL 2184873, at *7 (M.D. Pa. May 21, 2019). "The choice of the appropriate sanction is committed to the sound discretion of the district court." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). A court has many options for sanctions under Rule 37, including "direct[ing] that certain facts be taken as established, prohibit[ing] the sanctioned party from supporting or opposing certain claims or defenses, strik[ing] pleadings in whole or in part, stay[ing] proceedings, dismiss[ing] the action, render[ing] a default judgment, or treat[ing] the failure to obey court orders as contempt of court." *Brophy v. Hartley Doering Group, Inc.*, 2020 WL 3172706, at *6 (M.D. Pa. June 15, 2020) (quoting *Marsulex Environ. Techs*, 2019 WL 2184873, at *7).

Here, Defendant consistently failed to obey Orders imposed by this Court that established deadlines by which Defendant must collect and produce the requested call records to Plaintiff. On September 30, 2020, the Court ordered Defendant to respond to Plaintiff's Requests for Production Numbers 16 and 17, which respectively called for the production of "[a]ll communications with the entity that provided you with the Plaintiff's information regarding telemarketing or customer acquisition" and "[a]ll internal communications at your company regarding the entity that provided you with the Plaintiff's information." (Doc. 33 at 2). On December 7, 2020, "the Court ruled that Defendant is ordered to produce, no later than December 31, 2020, the requested call detail records."

(Doc. 49 at 2). On January 8, 2021, the Court ordered that "Defendant shall produce within 14 days of the date of this Order, the requested 'call detail records' as an excel file, in either the '.csv' or 'txt' document format." (Doc. 53 at 2). In this Order, the Court also warned Defendant that if it "fails to provide Plaintiff with the requested documents by the deadline imposed by this Order, the Court will impose sanctions[.]" (*Id.*). In the Court's May 20, 2021 Order, the Court ordered that "Defendant shall conduct the collection of the call detail records requested by Plaintiff from its vendor and bear the full cost of doing so. Defendant shall ensure that its vendor collects and produces the requested data no later than June 4, 2021." (Doc. 59 at 2). In the Court's most recent Order issued on September 2, 2021, the Court ordered Defendant to produce the requested call records and ordered the parties to meet and confer to "determine the time necessary for production of the call records," explaining that if an agreement could not be reached that the Court would set the date for production of the records. (Doc. 70 at 6). Again, the Court warned Defendant about the possibility of sanctions by holding "the issue of whether to impose sanctions for failure to impose sanctions for failure to produce the requested call records in accordance with previous Orders of the Court" in abeyance pending receipt of the parties' status report. (*Id.*).

It is clear that the Court has afforded Defendant considerable latitude in the collection and production of the requested call records, which has given Defendant ample opportunity to either comply with the Court's Orders or make a good faith showing of its

9

efforts to comply.[2] Instead, with the passing of each Court-imposed production deadline, Defendant provided the Court with vague, non-specific excuses as to why it did not produce the requested call records. The most recent excuse provided by Defendant is that:

> Defendant advised its vendors on the parameters of the court-ordered collection, instructed the vendors to commence the collection immediately, and further directed the vendors to immediately provide an estimated timeline.
> To date, the vendors have not provided the requested timeline. One vendor indicated that it will provide the timeline as soon as possible. The other vendor reported – without explanation – that it could not collect all data with the scope of Your Honor's order.

(Doc. 72 at 1). Defendant's explanation, however, provides no specific commitment to produce the records nor any timeline for doing so. In fact, it does not even identify the vendors used by Defendant. Defendant has been on notice since the Court's September 30, 2020 Order that it must produce the call records requested by Plaintiff. Since then, Defendant should have been working with its vendors to obtain the actual call records and at this point, Defendant should not be waiting on a "timeline" from the vendors.

Furthermore, when Plaintiff repeated his request[3] that this Court impose sanctions on Defendant for its failure to produce the call records, Defendant argued that Plaintiff

---

[2] As of the July 27, 2021 joint letter to the Court, "[b]y its latest supplement, Defendant has provided one week of calling records." (Doc. 63 at 2). The volume of call records the Court ordered Defendant to produce is four years of records. The Court is not persuaded that producing such a small subset of the requested call records was a good faith attempt to comply with the Court's Orders.

[3] In addition to advocating for sanctions in the November 22, 2020 joint letter to the Court, Plaintiff repeatedly requested that the Court impose sanctions on Defendant for its failure to comply with the Court's Orders in the joint letters submitted to the Court and in telephonic discovery conference calls. (*See* Doc. 52 at 2; Doc. 55 at 7; Doc. 62 at 3; Doc. 63 at 2).

wanted to "monetize the discovery process" and that the sanctions request was an "example of Plaintiff's 'scorched earth' tactics." (Doc. 62 at 3-4). Defendant argued that Plaintiff does not and cannot "identify any prejudice suffered from the discovery 'dispute.' There are no documents at risk of disappearing. There are no witnesses at risk of unavailability. The requested data will be collected, the requested data will be produced, and the parties can then proceed to the deposition phase." (Doc. 62 at 4).

This argument from Plaintiff carries no weight. Parties must comply with Orders from the Court and the determination of whether a party will be prejudiced if discovery is not completed in accordance with this Court's Orders is not for the parties to decide. Defendant said that the requested call records will be collected and produced but failed to provide any timeline or a renewed commitment to complying with Court Orders. These statements make it clear that Defendant wants to complete discovery at its own pace with no regard for the deadlines set by the Court.

The Court finds the Defendant's actions and the lack of specificity in its statements to the Court characteristic of a stratagem to delay discovery and ultimately the progression of the case. These factors strongly indicate a contumacious approach by Defendant to its discovery obligations under Rule 26. The Court concludes that Defendant's repeated failure to produce the required call records has not been justified or explained to the degree necessary to avoid sanctions – the very sanctions Plaintiff has requested as early as November 22, 2020 and that the Court has contemplated as early as January 8, 2021.

(Doc. 47 at 3 (advising the Court of Plaintiff's request that the Court order "an award of attorney[']s fees pursuant to Fed. Civ. P. 37(a)(5) for the Defendant's failure to provide information in the timeline it agreed to and necessitating this motion."); Doc. 53 at 2 ("If Defendant fails to provide Plaintiff with the requested documents by the deadline imposed by this Order, the Court will impose sanctions[.]")). Pursuant to its authority under Rule 37(b)(2)(vii), the Court will impose sanctions upon Defendant for failing to collect and produce the requested four years of call records to Plaintiff in compliance with Court Orders.

### III. CONCLUSION

For the foregoing reasons, the Court will impose sanctions on Defendant for its continued failure to comply with Orders of this Court. A separate Order follows.

_____
Robert D. Mariani
United States District Judge